UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METROPOLITAN LIFE INS. CO.,

        Interpleader-Plaintiff,

-against-

SHARON ELLIS, et al.,

        Interpleader-Defendants.

19-CV-3543 (AT) (BCM)

**ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/7/2020
```

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Metropolitan Life Insurance Company (MetLife) brought this interpleader action on April 22, 2019, to compel interpleader defendants Sharon Ellis, Mary Morrow (originally identified as Mary "Marrow"), Vilmont Lindo, Renee Richards, and Nickiesha Dalhouse to litigate or settle between themselves their respective rights to certain life insurance benefits funded by a group life insurance policy issued by MetLife. (Dkt. No. 1.)

On June 6, 2019, MetLife deposited the disputed funds, in the aggregate amount of $322,400 ($82,400 in basic life benefits and $240,000 in optional life insurance benefits), into the Disputed Ownership Fund of this Court. (Dkt. No. 24.) On July 30, 2019, Ellis answered and crossclaimed against the remaining interpleader defendants – Morrow, Lindo, Richards, and Dalhouse – for fraud and unjust enrichment. (Dkt. No. 33.)[1] On October 4, 2019, Morrow submitted a letter, *pro se*, which the Court construes as her answer to Ellis's crossclaims, denying any wrongdoing. (Dkt. No. 35.) On May 22, 2020, the Court dismissed MetLife from this action with prejudice and without any further liability in connection with the benefits at issue. (Dkt. No.

---

[1] Ellis alleges that Morrow and Dalhouse improperly presented MetLife Beneficiary Change Forms to the decedent, Devon Ellis, when he was ill and lacked the mental competence to understand them. (Dkt. No. 33.) Although Ellis does not accuse Lindo or Richards of personal misconduct, she seeks a judgment against "all Defendants on the Fraud and Unjust Enrichment" and a judgment "revoking" or "rescinding" the Beneficiary Change Form executed by the decedent on April 16, 2018, three weeks before his death, which first named Morrow, Lindo, Dalhouse and Richards as beneficiaries under the policies. (*Id*. at ECF page 7.)

36.) On July 17, 2020, Dalhouse submitted a letter, *pro se,* which the Court construes as her answer to Ellis's crossclaims, denying any wrongdoing. (Dkt. No. 45.)

On October 22, 2020, the Court held a telephonic initial case management conference, attended by all of the interpleader defendants and by counsel for interpleader defendant Ellis. (*See* Dkt. No. 55.) Thereafter, Morrow and Richards filed Notices of Pro Se Appearance. (Dkt. Nos. 57, 62.) Although Lindo and Dalhouse attended the October 22 telephonic conference, *pro se*, they have never filed Notices of Pro Se Appearance, and Lindo has never answered or otherwise responded to Ellis's crossclaims.

It now appears that Ellis has reached a settlement with all of the remaining parties except Dalhouse. On November 24, 2020, acting through counsel, Ellis submitted various settlement-related documents. (Dkt. Nos. 59-60, 64-66.) The filings are jumbled and duplicative, but appear to include:

(1) a Stipulation of Settlement Partial Release (the Stipulation of Settlement) signed by Ellis, Morrow, Lindo, and Richards, which sets forth the terms on which these parties have agreed to resolve all claims among and between themselves (Dkt. No. 59 at ECF pages 1-14);

(2) a Stipulation of Partial Withdrawal (the Stipulation of Withdrawal), labeled as Exhibit A to the Stipulation of Settlement, signed by Ellis, Morrow, Lindo, and Richards, which recites, among other things that Ellis has agreed to withdraw her crossclaims against Morrow, as well as any crossclaims against Lindo and Richards, and that Morrow has agreed to withdraw her answer to Ellis' crossclaims (Dkt. No. 59 at ECF pages 15-24); and

(3) a Stipulation of Partial Discontinuance (the Stipulation of Discontinuance), labeled as Exhibit B to the Stipulation of Settlement, signed by Ellis, Morrow, Lindo, and Richards, which states that all "claims, answers and counterclaims" between Ellis, Morrow, Lindo, and Richards "are hereby discontinued" without costs (Dkt. No. 59 at ECF pages 26-34); and

(4) a proposed Order directing the Clerk to release certain of the disputed funds, in the aggregate amount of $40,000, in accordance with the Stipulation of Settlement. (Dkt. No. 60).

Ellis did not file any proof of service of the settlement-related documents described above.[2] For this reason, and because of the jumbled nature of the filings, signature pages, and notarization pages (including the seemingly random insertion of pages that do not appear to be part of the parties' various stipulations, *see, e.g.*, Dkt. No. 64 at ECF pages 10-20), the Court is unable, on the present record, to approve the dismissal of claims or the release of funds.

Accordingly, it is hereby ORDERED that:

1. Ellis shall re-file the fully-executed Stipulation of Settlement, with all pages (including signature and notarization paged) in order, all intended exhibits attached and clearly labeled as such, and no other documents attached.

2. Ellis shall serve (a) a true copy of the fully-executed Stipulation of Settlement (in the form in which it is re-filed), (b) a true copy of the proposed Order now at Dkt. No. 60, and (c) a true copy of this Order on all remaining parties, and shall promptly file proof of such service on the Court's electronic docket.

Dated: New York, New York
December 7, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] Morrow and Richards filed Pro Se Consents to Receive Electronic Service (Dkt. Nos. 58, 61), but Lindo and Dalhouse – who claims an entitlement to 45% of the benefits at issue – did not, and thus must be served by other means, evidenced by proof of such service filed on the Court's electronic docket. *See* Fed. R. Civ. P. 5.