UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON ELLIS,

            Cross-Claimant,

-against-

NICKIESHA DALHOUSE,

            Cross-Defendant.

19-CV-3543 (AT) (BCM)

**ORDER REQUESTING PRO BONO COUNSEL**

**Barbara Moses, United States Magistrate Judge**:

The Court directs that the Clerk of Court to seek pro bono counsel to enter a limited appearance on behalf of cross-defendant Nickiesha Dalhouse for the purpose of conducting or defending up to four depositions in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

# DISCUSSION

Plaintiff Metropolitan Life Insurance Company (MetLife) brought this interpleader action on April 22, 2019, to compel interpleader defendants Sharon Ellis, Mary Morrow (now Mary Morrow Ojeda) Vilmont Lindo, Renee Richards, and Nickiesha Dalhouse to "litigate or settle and agree between themselves" their respective rights to certain life insurance benefits funded by a group life insurance policy issued by MetLife and payable upon the death of Devon Ellis (the Decedent). Compl. (Dkt. No. 1) at 6. On June 6, 2019, MetLife deposited the disputed funds with the Court. (Dkt. No. 24), and on May 22, 2020, it was dismissed from this action. (Dkt. No. 36.)

Sharon Ellis is the Decedent's sister. Compl. ¶ 2. Under a beneficiary designation form that the Decedent signed on July 8, 2017, she was also his sole beneficiary with respect to the life insurance proceeds, which totaled $403,000. *Id*. ¶ 15. However, on April 16, 2018 – shortly before entering hospice care – the Decedent executed a new beneficiary designation form allocating 20% of the proceeds to Ellis; 20% to Richards, who is Ellis's daughter; 45% to Dalhouse, who is a cousin of the Decedent; 12.5% to Morrow Ojeda, a friend of the Decedent who assisted in his care during his final illness; and 2.5% to Lindo, another friend of the Decedent. *Id*. ¶¶ 3-6, 14.

On July 30, 2019, through her counsel, Ellis answered and cross-claimed, naming Morrow Ojeda, Lindo, Richards, and Dalhouse as cross-defendants. Ellis alleges, in substance, that Morrow Ojeda and Dalhouse induced the Decedent to execute a new beneficiary designation form, to their advantage, when he was close to death and lacked the capacity to understand the form or its implications. Ans. (Dkt. No. 33) at 2-7. Ellis seeks a judgment "revoking [or] rescinding the Beneficiary Change Form" dated April 16, 2018. *Id*. at 7.

On December 8, 2020, Ellis settled her claims against Morrow Ojeda, Lindo, and Richards (Dkt. No. 69), and on December 18, 2020, the Court dismissed those parties and disbursed certain

sums in accordance with the settlement. (Dkt. No. 78.) The funds in dispute between Ellis and Dalhouse remain in the custody of the Court.

In a status report filed on June 10, 2021, Ellis stated that she has "served Dalhouse Notice to schedule Depositions of Mary Marrow Ojeda on July 30, 2021, [her husband] Stephen Ojeda on August 2, 2021, and Nickiesha Dalhouse on August 3, 2021, via Zoom." (Dkt. No. 94.) Dalhouse, who resides in Jamaica, West Indies, is *pro se* (*see* Dkt. Nos. 45, 87, 92), and has represented to the Court that she cannot afford to retain counsel. (Dkt. No. 45.) The current discovery deadline is August 18, 2021. (Dkt. No. 86.)

Having reviewed the parties' pleadings and other filings, the Court finds that Dalhouse's defenses to Ellis's claims may be meritorious, but that in order to present those defenses effectively she will be required to examine the non-party witnesses at deposition, a task which is difficult for an unrepresented layperson. In addition, Dalhouse would benefit from the assistance of counsel in defending her own deposition, determining whether to notice the deposition of Ellis, and conducting that deposition. On balance, in the Court's judgment, representation would lead to a quicker, more efficient, and more just result in this action.

Given the stage of the proceedings, the Court requests that counsel appear for the limited purpose of representing Dalhouse at the depositions of Morrow Ojeda and Ojeda, including cross-examination as appropriate; defending Dalhouse at her own deposition; advising Dalhouse with respect to a potential deposition of Ellis and, if agreed, noticing and conducting that deposition. A previous order of the Court (Dkt. No. 49) authorizes the parties to take all depositions in this action by remote means. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain

out-of-pocket expenses spent in furtherance of Dalhouse's defense. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of the client's representation beyond the matters described in this Order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event a dispositive motion is filed, pro bono counsel may seek appropriate relief, including an extension of the client's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. However, absent an expansion of the scope of pro bono counsel's representation, that representation will end at the close of discovery and upon a filing by pro bono counsel of a Notice of Completion. Thereafter, pro bono counsel will have no further obligations or responsibilities to Dalhouse or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Dalhouse for the limited purposes described above. The Court advises Dalhouse that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, there may be a delay before counsel volunteers to represent her. If an attorney volunteers, the attorney will contact Dalhouse directly. There is no guarantee, however, that any volunteer attorney will decide to take the case. Dalhouse should be prepared to proceed without an attorney if necessary. If Dalhouse does not want a pro bono attorney to represent her, she must promptly so advise the Court in writing.

Dated: June 21, 2021　　　　　　　　　　SO ORDERED.
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　**Barbara Moses**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

4