UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON ELLIS,

    Plaintiff,

-against-

NICKIESHA DALHOUSE,

    Defendant.

19-CV-3543 (AT) (BCM)

**ORDER AMENDING CAPTION**

**Barbara Moses, United States Magistrate Judge**:

    Plaintiff Metropolitan Life Insurance Company (MetLife) brought this interpleader action on April 22, 2019, to compel interpleader defendants Sharon Ellis, Mary Morrow (now Mary Morrow Ojeda) Vilmont Lindo, Renee Richards, and Nickiesha Dalhouse to "litigate or settle and agree between themselves" their respective rights to certain life insurance benefits funded by a group life insurance policy issued by MetLife and payable upon the death of Devon Ellis (the Decedent). Compl. (Dkt. No. 1) at 6. On June 6, 2019, MetLife deposited the disputed funds with the Court. (Dkt. No. 24), and on May 22, 2020, MetLlife was dismissed from this action as a party. (Dkt. No. 36.)

    Sharon Ellis is the Decedent's sister. Compl. ¶ 2. Under a beneficiary designation form that the Decedent signed on July 8, 2017, she was also his sole beneficiary with respect to the life insurance proceeds, which totaled $403,000. *Id*. ¶ 15. However, on April 16, 2018 – shortly before entering hospice care – the Decedent executed a new beneficiary designation form allocating 20% of the proceeds to Ellis, 45% to Dalhouse, who is a cousin of the Decedent, and the remainder, in various percentages, to Morrow Ojeda, Lindo, and Richards. *Id*. ¶¶ 3-6, 14.

    On July 30, 2019, through her counsel, Ellis answered and cross-claimed, naming Dalhouse, Morrow Ojeda, Lindo, and Richards as cross-defendants and seeking a judgment

"revoking [or] rescinding the Beneficiary Change Form" dated April 16, 2018. Ans. (Dkt. No. 33) at 7. Thereafter, Ellis settled her claims against Morrow Ojeda, Lindo, and Richards (Dkt. No. 69), and on December 18, 2020, the Court dismissed those parties and disbursed certain sums in accordance with the settlement. (Dkt. No. 78.) The funds in dispute between Ellis and Dalhouse remain in the custody of the Court.

Given that the original interpleader plaintiff has been terminated as a party to this action, as have all of the cross-defendants except Dalhouse, the Clerk of Court is respectfully directed to amend the caption to reflect the remaining parties' actual litigating positions,[1] as follows:

SHARON ELLIS, Plaintiff,

v.

NICKIESHA DALHOUSE, Defendant.

Dated: July 7, 2021
New York, New York

**SO ORDERED.**

_____
**BARBARA MOSES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See, e.g., Reliastar Life Ins., Co. v. Fitzpatrick*, No. 1:15-CV-1996, 2016 WL 9651766, at *6 (M.D. Pa. Sept. 29, 2016); *AIG Annuity Ins. Co. v. L. Offs. of Theodore Coates, P.C.*, No. CIV-A-07-CV-01908-MSK-KMT, 2008 WL 5378133, at *9 (D. Colo. Dec. 22, 2008), *aff'd,* 478 F. App'x 484 (10th Cir. 2012); *cf. In re $323,647.60 in Funds Belonging to California Valley Miwok Tribe*, No. 18 CV 01194 JAP/KBM, 2019 WL 687832, at *3 (D.N.M. Feb. 19, 2019).